Citation Nr: 1755085 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 13-24 809A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for sleep apnea, to include as secondary to service-connected diabetes mellitus, type II, or posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Gentry C.M. Hogan, Attorney at Law


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

Elizabeth Jalley, Counsel


INTRODUCTION

The Veteran served on active duty from June 1968 to February 1970.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

A notice of disagreement was received in August 2012, a statement of the case was issued in August 2013, and a substantive appeal was received in September 2013.

In April 2016, the Veteran testified at a personal hearing before the undersigned Veterans Law Judge. A transcript of this hearing was prepared and associated with the claims file.

This case was previously remanded in September 2016. On remand, a June 2017 rating decision granted the claim of entitlement to service connection for tinnitus. That issue is therefore resolved in full and is no longer on appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that another remand of this appeal is necessary. The September 2016 remand requested an opinion as to whether the Veteran's obstructive sleep apnea was aggravated by his service connected diabetes mellitus or his service connected PTSD. The resulting February 2017 VA examination report reflects that the examiner responded to Question 6 of the "Medical Opinion Disability Benefits Questionnaire," asking for a "[m]edical opinion for aggravation of a condition that existed prior to service." The examiner provided a negative etiology opinion, noting that "[t]here is no indication in medical records reviewed that OSA is a pre-existing condition." 

However, the examiner did not address Question 7, which requests a "[m]edical opinion for aggravation of a nonservice connection condition by a service connected condition." Because there is no indication that the Veteran's obstructive sleep apnea existed prior to his service, Question 7 is the aggravation question that needs to be answered.

The Board will remand this claim so that an opinion may be obtained with respect to whether the Veteran's sleep apnea was aggravated by his service-connected PTSD or diabetes mellitus.

The Board finds that an aggravation opinion is necessary even though the Veteran has submitted a November 2016 etiology opinion from a physician under whose care the Veteran has been since 2014. This physician opined that the Veteran's sleep apnea is at least as likely as not a result of either his service-connected diabetes mellitus or his service connected PTSD. His rationale is that the Veteran "has no other known major risk factors of which I am aware that may have precipitated his current condition. In my personal experience and in the medical literature it is known that this kind of diagnosis would not be uncommon for someone who had the in-service experiences and physical demands that [the Veteran] had." This opinion is inadequate. 

In part, it does not explain how the Veteran's diabetes, which was noted in the November 2007 VA diabetes mellitus examination report to have had an onset of October 2006, could cause obstructive sleep apnea, which is noted in the July 2012 VA sleep apnea examination report to also have had an onset in 2006. (The Board notes that the private opinion only addresses causation, not aggravation.) Furthermore, the reference to the Veteran having "no other known major risk factors" and the citation to his "in-service experiences and physical demands" are too vague to constitute an adequate rationale. The Board will therefore remand this claim to obtain an addendum to the aggravation question.

The Board notes that the Veteran's claim of entitlement to a TDIU is inextricably intertwined with the sleep apnea claim. Therefore, the Board must defer adjudication of the TDIU claim until the development of the sleep apnea claim is completed. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum opinion to the February 2017 VA sleep apnea medical opinion. The claims file must be thoroughly reviewed by the examiner. 

The examiner should opine whether it is at least as likely as not (50 percent probability or more) that the Veteran's sleep apnea was aggravated as a result of his diabetes mellitus, type II, or his PTSD. The Board notes that this question corresponds with Question 7 on the "Medical Opinion Disability Benefits Questionnaire." 

In this context, "aggravation" has occurred when it has been medically determined that sleep apnea has undergone an identifiable permanent increase in its severity that is proximately due to or the result of diabetes mellitus, type II, or PTSD.

If aggravation is shown, the examiner should quantify the degree of aggravation, if possible.

A complete rationale for any opinion is required. If it is not possible to provide the requested opinion without resort to speculation, the examiner should state why speculation would be required in this case, e.g., if the requested determination is beyond the scope of current medical knowledge, actual causation cannot be selected from multiple potential causes, etc. If there are insufficient facts or data within the claims file, the examiner should identify the relevant testing, specialist's opinion, or other information needed to provide the requested opinion.

2. After the development requested above has been completed, again review the record and readjudicate the appeal, including the issue of entitlement to a TDIU. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. Thereafter, the case should be returned to the Board, if in order. The Board intimates no opinion as to the ultimate outcome of this case. The appellant need take no action unless otherwise notified.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (CONTINUED ON NEXT PAGE)










This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2012).



_________________________________________________
TANYA SMITH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).